AO 91 (Rev. 11/11) Criminal Complaint                        AUSA John D. Mitchell (312) 353-5159

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAY 22 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

MATTHEW BROWN

CASE NUMBER:

**15CR 299**

**CRIMINAL COMPLAINT** MAGISTRATE JUDGE SCHENKIER

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

on or about February 24, 2015, at Montgomery, Illinois, in the Northern District of Illinois, Eastern Division and elsewhere, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 2252A(a)(2)(A) | distribution of child pornography. |

This criminal complaint is based upon these facts:

__X__ Continued on the attached sheet.

_____
ANTHONY STACK
Task Force Officer, Federal Bureau of Investigation (FBI)

Sworn to before me and signed in my presence.

Date: May 22, 2015

_____
Judge's signature

City and state: Chicago, Illinois

SIDNEY I. SCHENKIER, U.S. Magistrate Judge
*Printed name and Title*

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| | ss |
| NORTHERN DISTRICT OF ILLINOIS | |

## AFFIDAVIT

I, ANTHONY STACK, being duly sworn, state as follows:

### INTRODUCTION

1. I am a Task Force Officer with the Federal Bureau of Investigation, and have been a TFO since January 2012. Since 2003, I have been employed by the Cook County Sheriff's Police Department ("CCSPD"). From 2008 to the present, I have been a member of the CCSPD's Child Exploitation Unit. My current responsibilities include the investigation of child exploitation and child pornography offenses. I have received training in the investigation of child exploitation offenses, as well as in working undercover to investigate child predators.

2. This affidavit is submitted in support of a criminal complaint alleging that MATTHEW BROWN has violated Title 18, United States Code, Section 2452A(a)(2)(A). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging BROWN with distributing child pornography, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, and law enforcement records databases.

4. As described below, there is probable cause to believe that on or about February 24, 2015, MATTHEW BROWN distributed child pornography. In particular, in February 2015, a person law enforcement later identified as BROWN communicated with an undercover law enforcement officer (UC) in a chatroom frequented by people with sexual interest in children and incest. During those chats, BROWN wrote to the UC that he has a four-year-old daughter of whom he takes pornographic photographs, and he sent the UC child pornography, including videos of a prepubescent child performing a sexual act on an adult male's penis and a lewd and lascivious close-up photograph of a prepubescent vagina. When chatting with and sending the child pornography to the UC, BROWN used a Sony Android cellular telephone. The account for that cellular phone is in BROWN'S name and the billing address is BROWN'S home in Montgomery, Illinois. Further, on May 21, 2015, law enforcement officers executed a search warrant at BROWN's home and seized items that match items visible in the images Brown sent to the UC, including a blanket visible in the background of the pornographic photograph of the prepubescent female. Law enforcement officers also seized from BROWN's person a Sony Android cellular telephone.

## FACTS SUPPORTING PROBABLE CAUSE TO SEARCH

5. Leading up to January 2015, a law enforcement officer was operating in an undercover capacity as part of a multi-jurisdictional FBI/MPD Child Exploitation Task Force. In that capacity, the UC posted an advertisement in an area of an online website for classified advertisements which, based on the UC's experience and information gathered from other sources, is an area of the website frequented by individuals that have a sexual interest in children and incest. The UC's advertisement was intended to attract individuals such as "active dads" and "incest." The UC also posted comments on incest forums and incest image posting boards on the internet using her or his undercover e-mail address and Kik account. The UC's comments were similarly intended to attract individuals with a sexual interest in children.

6. Kik is a messaging application that allows users to create "chat groups" in which only invited chat group members can communicate with each other. In late January 2015, a Kik chatroom participant invited the UC to participate in a chat group and the UC began monitoring the chat group.

7. Based on the subject of the chats between and among the members, the UC soon learned that the chat group to which he had been invited was formed for the purpose of exchanging child pornography.

8. On or about February 24, 2015, the UC initiated a chat with a person with a screen name of "MaddMatter." "MaddMatter" claimed to be a 25-year-old male living with and taking pornographic photographs of his four-year-old

3

daughter. During the chat, "MaddMatter" sent the UC non-pornographic photographs of a young girl he purported was his four-year-old daughter. The photographs depicted a small child wearing blue jeans and a red shirt with white hearts, sitting and jumping on a beige-colored couch. The girl's face was not visible in the photographs.

9. During the February 24, 2015 chat, "MaddMatter" also sent the UC child pornography images and a child pornography video. The video depicted what appears to be a prepubescent child performing a sexual act on an adult male's penis. One of the images depicted what appears to be a prepubescent girl naked on a bed with her legs spread open and a sex toy inserted in her anus. "MaddMatter" also sent the UC a "live," close up photograph of what appears to be a prepubescent vagina.[1] In that photograph, a blanket with a zebra print is visible in the background.

10. Following the chat, law enforcement issued subpoenas to Kik. Kik confirmed that the Internet Protocol ("IP") address used by the "MaddMatter" is attached to a Sony Android cellular phone with an IP address issued by T-Mobile. Law enforcement subsequently confirmed that the account for that Sony Android cellular telephone is in BROWN's name and the billing address is BROWN's home in Montgomery, Illinois.

---

[1] The Kik application specifies whether a photograph was a saved photograph in the device's gallery or whether the photograph was "live" photography, which was contemporaneously taken, during the chat, using the camera on that device.

4

11. Following the chat, law enforcement officers conducted additional investigation and identified a kixsexting.com[2] profile in the name of "MaddMatter." Law enforcement confirmed that the "MaddMatter" kixsexting.com profile had a predecessor profile with the name "ratsoff2u." Kik confirmed that the e-mail address used to create the "ratsoff2u" account was 1987mbrown@gmail.com and the IP address used to access that e-mail account was the IP address attached to BROWN's Sony Android cellular telephone.

12. Law enforcement issued a subpoena to Gmail, which confirmed that the e-mail address 1987mbrown@gmail.com was opened by a "Matthew Brown."

13. Law enforcement officers learned that BROWN's home is currently for sale, and on May 21, 2015 another agent and I scheduled an appointment with a real estate agent and toured BROWN's home posing as prospective purchasers of the home. While inside the BROWN's home, I observed a beige couch that matches the beige couch visible in the photographs of the young girl that "MaddMatter" sent to the UC in February 2015. I also observed a young girl's bedroom. The officers observed, on the bed in that bedroom, a zebra-print blanket that appears to match the zebra-print blanket visible in the close up photograph of a prepubescent vagina sent by the "MaddMatter" on February 24, 2015.

14. Later on May 21, 2015, agents obtained a search warrant at BROWN's home. During the search, agents seized a red shirt with white hearts that matches the red shirt with white hearts worn by the child in the non-pornographic

---

[2] Kiksexting.com is classified advertisement portion of Kik.

photographs BROWN sent to the UC on February 24, 2015. Agents also seized a zebra-print blanket that appears to match the zebra-print blanket visible in the close up photograph of a prepubescent vagina sent by the "MaddMatter" to the UC in February 2015. During the search, law enforcement also seized several electronic devices, including two tablets, an SD card, a laptop computer, a video camera, and 12 CDs.

15. Also during the search, agents interviewed BROWN's wife, who confirmed that the child in the non-pornographic photographs appeared to be her daughter, and the photograph appeared to have been taken at BROWN's home. According to BROWN's wife, the young girl lives at the home and is BROWN's step-daughter.

16. On May 21, 2015, agents also arrested BROWN while he was working as a cook at a nearby restaurant. At the time of the arrest, BROWN had on his person a Sony Android cellular telephone. Agents secured the Sony Android cellular telephone and are preparing an application for a warrant to search that telephone.

## CONCLUSION

17. Based on the above information, there is probable cause to believe that, on or about February 24, 2015, MATTHEW BROWN distributed child pornography in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

FURTHER AFFIANT SAYETH NOT.

ANTHONY STACK
Task Force Officer, Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me on May 22, 2015.

SIDNEY I. SCHENKIER
United States Magistrate Judge

7