UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 15 CR 299 |
| | ) | |
| v. | ) | Hon. Sidney I. Schenkier |
| | ) | Magistrate Judge |
| MATTHEW BROWN | ) | |
| | ) | |

**GOVERNMENT'S EMERGENCY MOTION TO REVOKE
DEFENDANT'S BOND PURSUANT TO 18 U.S.C. § 3148(b)**

The UNITED STATES OF AMERICA, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3148(b) to revoke Matthew Brown's bond for violation of his bond conditions. In support of its motion, the government states as follows:

1. Following FBI agents' probable cause arrest, defendant Matthew Brown was charged by complaint on May 22, 2015 with distribution of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A). The complaint charged defendant with distributing child pornography to an undercover law enforcement officer, including at least one child pornography image that he produced using a three-year-old girl who lived in his home.

2. On May 22, 2015, defendant had his initial appearance before the Honorable Sidney I. Schenkier, United States Magistrate Judge.

3. The United States moved to detain defendant because he posed a risk to the community. Following a detention hearing, defendant was released on

1

conditions that included home incarceration at his grandmother's home in Plano, Illinois, a $50,000 unsecured bond, and "no contact with the alleged victim's family." See Docket Number 12.

4. Further, during the hearing, Judge Schenkier verbally admonished defendant not to contact the three-year-old victim or her mother, either directly or indirectly. Judge Schenkier explained that this meant defendant was prohibited from calling the victim or her family on the telephone or sending them text messages.

5. During the detention hearing, defendant acknowledged, both verbally and in writing, that he understood the prohibition on contacting the victim or her family. Defendant also confirmed he understood that if he failed to comply with any of the conditions, the Court may terminate his supervised release and order him detained.

6. Based on a review of records obtained from AT&T for cellular phone number XXX-XXX-5539 ("Phone 1"), beginning on at least August 9, 2015, Phone 1 received at least 24 text messages and at least one voice call from cellular phone number XXX-XXX-2327 ("Phone 2").[1] The mother of defendant's three-year-old victim ("Individual A") confirmed that Phone 1 is her cellular phone. As discussed below in paragraph 9, on August 14, 2015, law enforcement officers traveled to the home of defendant's grandmother and third-party custodian ("Individual B"), at which time Individual B confirmed that Phone 2 is her cellular phone. Individual A

---

[1] Law enforcement received the records for Phone 1 on the evening of August 19, 2015 and has provided defendant's counsel with copies of the records.

confirmed that since August 9, 2015, defendant used Phone 2 to contact her.[2]

7. In addition, Individual A preserved many of the text messages defendant sent her using Phone 2. In several text messages, defendant encouraged Individual A to travel to Individual B's home to have direct contact with him. In one text message, sent on or about August 14, 2015 at 9:18 am Central Time, defendant wrote to Individual A:

> Don't ever contact this phone again ever. Bring a tracphone (sic).[3] Park down the street. Be here at one in the morning. Don't let me down. I love u. Don't respond please.

According to Individual A, she did not travel to defendant's home or provide the "tracphone" he requested.

8. Both the records for Phone 1 and Individual A confirm that on or about Friday, August 14, 2015, after exchanging several text messages with Individual A, defendant used Phone 2 to call Individual A. According to Individual A, during that call defendant suggested that if Individual A did not travel to Individual B's home to meet with him, he would commit suicide.

9. After Individual A reported the events of August 14, 2015, that evening federal law enforcement officers contacted Plano Police Officers, who traveled to Individual B's home. When asked by Plano Police Officers, defendant stated that he did not intend to commit suicide.

---

[2] Both the phone records and Individual A confirm that Individual A has responded to many of the defendant's text messages and spoken with him on the phone.

[3] TracFone Wireless, Inc. is a prepaid wireless cellular phone provider.

10. On the evening of August 14, federal law enforcement officers also contacted defendant's attorney and pretrial services to notify them of defendant's release conditions violations and suicidal threats. Federal law enforcement officers expressed their concern that when Individual A failed to appear at Individual B's home at 1 am as defendant instructed, defendant may wish to harm himself or others—in particular, defendant's three-year-old victim or Individual A. Pretrial services committed to closely observing defendant's electronic monitoring device and notifying federal law enforcement officers if defendant left Individual B's residence, and subsequently confirmed that defendant is receiving counseling.

## APPLICABLE LAW

The statute governing sanctions for violation of release conditions provides:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—
> **(1)** finds that there is—
> **(A)** probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> **(B)** clear and convincing evidence that the person has violated any other condition of release; and
> **(2)** finds that—
> **(A)** based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> **(B)** the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. §3148(b).

Here, as to subsection (b)(1)(B), there is clear and convincing evidence that defendant has violated the conditions of his release prohibiting him from contacting his three-year-old victim or her family, including Individual A. Beginning on or

4

around August 9, 2015, defendant used Phone 2 to initiate contact with Individual A by sending her at least 24 text messages and initiating at least one telephone call. In at least some of the text messages, defendant encouraged Individual A to travel to Individual B's home to have direct contact with her. Further, on or about August 14, 2015, defendant initiated a telephone call in which he asked Individual A to travel to Individual B's home and meet with him in violation of the Court's order, and he threatened to kill himself if she did not do so.

     As to subsection (b)(2), defendant has demonstrated that he is unlikely to abide by any condition or combination of conditions of release, and there is no condition or combination of conditions of release that will assure that defendant will not flee or pose a danger to the safety of himself, any other person, or the community. Indeed, defendant has repeatedly disregarded this Court's order that he not contact the victim or the victim's family. He also brazenly sought to have the Individual A bring him a disposable cellular phone that he could use to evade law enforcement's attempts to monitor his communications with the victim or the victim's family, including Individual A, and he threatened to commit suicide if Individual A did not visit him. As a result, the government asks this Court to revoke defendant's release, enter an order of detention, and provide such other relieve as it believes is just and proper.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court (1) revoke defendant's release on bond and order him detained; and (2) provide such other relief as is just and proper.

                                              Respectfully submitted,

                                              ZACHARY T. FARDON
                                              United States Attorney

                                  By:   */s/ John D. Mitchell*
                                              JOHN D. MITCHELL
                                              Assistant U.S. Attorney
                                              219 South Dearborn St., Rm. 500
                                              Chicago, Illinois 60604
                                              (312) 353-5159

Dated: August 21, 2015

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document, Government's Emergency Motion to Revoke Defendant's Bond Pursuant To 18 U.S.C. § 3148(B), was served on August 21, 2015, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s John D. Mitchell
JOHN D. MITCHELL
Assistant United States Attorney
Suite 500
219 South Dearborn Street
Chicago, Illinois
(312) 353-5159