UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MATTHEW BROWN

No. 15 CR 299

Judge Sara L. Ellis

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant MATTHEW BROWN, and his attorneys, JAMES M. RYAN and RICHARD BEUKE, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with production of child pornography, in violation of Title 18, United States Code, Section 2251(a) (Counts One through Three), and transportation of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1) (Counts Four and Five).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Count Three, which charges defendant with production of child pornography, in violation of Title 18, United States Code, Section 2251(a), and Count Five, which charges defendant with transportation of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charges contained in Counts Three and Five of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

a.     With respect to Count Three of the indictment:

In or about 2015, at Montgomery, in the Northern District of Illinois, Eastern Division, defendant MATTHEW BROWN did knowingly employ and use a minor to engage in sexually explicit conduct, namely, the lascivious exhibition of the defendant's genitals, for the purpose of producing a visual depiction of such conduct, which visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, in

2

violation of Title 18, United States Code, Sections 2251(a).

Specifically, in or about 2015, while at his home in Montgomery, Illinois, BROWN used his C6906 Sony Xperia Z1 T-Mobile cellular phone, with IMSI number 31026026084819 (the "Sony Smartphone"), to knowingly use Victim A as a sexual object to produce a sexually explicit image of both Victim A and his naked, erect penis. When producing the image, BROWN knowingly used Victim A for the purpose of producing the sexually suggestive image, and he did so with the intent to elicit a sexual response in the viewer and to portray Victim A as a sexual object. At the time of the offense, Victim A was 3 years-old. BROWN knew Victim A because he was engaged to marry Victim A's mother, Individual A. At the time of the offense, Victim A lived with and was in the custody, care, and supervisory control of BROWN.

The Sony Smartphone BROWN used to produce the child pornography image was manufactured outside the state of Illinois.

b.     With respect to Count Five of the indictment:

On or about February 24, 2015, at Montgomery, in the Northern District of Illinois, Eastern Division, and elsewhere, BROWN did knowingly transport and cause to be transported child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), namely, an image of a nude prepubescent girl on a bed with her legs spread open and her arms behind her head, using a means and facility of interstate commerce and in and affecting interstate commerce by any means, including by computer, in violation of Title 18, United States Code, Section

3

2252A(a)(1).

Specifically, on or about February 24, 2015, while at his home in Montgomery, Illinois, BROWN used the Sony Smartphone to access a "Kik" messaging application that allowed BROWN to communicate (i.e., "chat") and exchange child pornography images and videos via the internet with other Kik users. Unbeknownst to BROWN, one Kik messaging application user with whom he chatted was an undercover law enforcement officer ("UC").

During the course of BROWN's chats with the UC, BROWN used the messaging application to send the UC several child pornography images and videos, including a child pornography image of a nude prepubescent girl on a bed with her legs spread open and her arms behind her head. After sending the child pornography image to the UC, BROWN wrote, "I love this girl. She gets traded in all groups. LOL [laugh out loud]." The UC responded, "LOL. Yes she has been around. I think she is like 11 [years old]" and "very sexy." BROWN agreed and asked the UC to send him child pornography images, writing, "Yeah, u have any for me?"

At the time BROWN used the Kik internet messaging application on his Smartphone to transport the child pornography image to the UC, BROWN was at his home in Montgomery, Illinois and the UC was outside of Illinois. Further, the Sony Smartphone BROWN used to transport the child pornography image was manufactured outside the state of Illinois.

7.    Defendant also acknowledges that for the purpose of computing his

4

sentence under the Sentencing Guidelines, the following conduct, to which he stipulates, constitutes relevant conduct under Guideline § 1B1.3:

During the course of BROWN's chats with the UC on or about February 24, 2015, BROWN used the Kik messaging application to send the UC several additional child pornography images and videos, including a sexually explicit child pornography image depicting Victim A's prepubescent vagina.

Prior to sending the child pornography image of Victim A to the UC, BROWN explained to the UC that he had "a four-year-old daughter." When the UC asked BROWN if he had ever sexually abused his four-year-old daughter, BROWN responded: "Not yet, but I've taken pics." The UC then asked BROWN, "How dirty were the pics up took[?]" BROWN responded, "Pretty dirty lol [laugh out loud]." The UC wrote that he had an eight-year-old daughter. BROWN explained to the UC that he would produce and exchange sexually explicit child pornography images of his "four-year-old daughter" in exchange for sexually explicit images of the UC's eight-year-old daughter, writing, "if u send me a live nude[,] I will too." BROWN asked the UC to produce and send a child pornography image of the UC's daughter, writing, "Can I see her pussy?" At another point in the chat, the UC asked BROWN how he wanted the UC's daughter to pose, and BROWN responded, "from behind" and "Ever spread her from behind[?]"

BROWN then knowingly used Victim A to produce a lewd and lascivious close-up image depicting Victim A's prepubescent vagina, which he created with his Sony

5

Smart Phone. After producing the image, BROWN knowingly used the Kik internet messaging application on his Sony Smartphone to distribute the sexually explicit image of Victim A to the UC.

At the time BROWN produced and distributed the sexually explicit image of Victim A to the UC, BROWN was at his home in Montgomery, Illinois, where he lived with Individual A and Victim A. The UC was outside of Illinois at the time BROWN used the internet messaging application to send the UC the sexually explicit image of Victim A. Further, the Sony Smartphone BROWN used to produce and distribute the image of Victim A was manufactured outside the state of Illinois.

In addition to the sexually explicit image of Victim A that BROWN produced and sent to the UC on or about February 24, 2015, on other occasions BROWN employed and used Victim A to engage in sexually explicit conduct for the purpose of producing additional visual depictions of such sexually explicit conduct.

BROWN also possessed, using his Sony Smartphone and a Dropbox account he created and controlled, more than 200 child pornography images and 43 child pornography videos. One such image depicted masochistic abuse of a prepubescent girl, under 12 years old.

## Maximum Statutory Penalties

8. Defendant understands that the charges to which he is pleading guilty carries the following statutory penalties:

   a. Count Three carries a maximum sentence of 30 years'

6

imprisonment, and a statutory mandatory minimum sentence of 15 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

    b.  Count Five carries a maximum sentence of 20 years' imprisonment, and a statutory mandatory minimum sentence of 5 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation for this offense. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

    c.  Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

    d.  In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

    e.  Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 50 years' imprisonment, and the minimum sentence is 15 years' imprisonment. In addition, defendant is subject to a total maximum fine

of $500,000, a period of supervised release, and special assessments totaling $200, in addition to any restitution ordered by the Court.

## Sentencing Guidelines Calculations

9.      Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

10.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.      **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the

Guidelines Manual currently in effect, namely the November 2016 Guidelines
Manual.

        b.    **Offense Level Calculations**.

### Count Three (Group One)

        i.    The base offense level is 32, pursuant to Guideline
§ 2G2.1(a).

        ii.    Pursuant to Guideline § 2G2.1(b)(1)(A), four levels are
added because at the time of the offense Victim A was a minor who had not attained
the age of 12 years.

        iii.    Pursuant to Guideline § 2G2.1(b)(3), two levels are added
because defendant knowingly engaged in the distribution of the sexually explicit
image of Victim A.

        iv.    Pursuant to Guideline § 2G2.1(b)(4)(B), four levels are
added because Victim A was a toddler or infant at the time of the offense.

        v.    Pursuant to Guideline § 2G2.1(b)(5), two levels are added
because Victim A was in the custody, care, or supervisory control of the defendant at
the time of the offense.

        vi.    Accordingly, the offense level for Count One is 44.

### Count Five and Relevant Conduct (Group Two)

        vii.    The base offense level is 22, pursuant to Guideline §
2G2.2(a)(2).

9

viii.      Pursuant to Guideline § 2G2.2(b)(2), two levels are added because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

ix.      Pursuant to Guideline § 2G2.2(b)(3)(B), five levels are added because the defendant distributed child pornography in exchange for valuable consideration but not for pecuniary gain.

x.      Pursuant to Guideline § 2G2.2(b)(4), four levels are added because the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence or (B) sexual abuse or exploitation of an infant or toddler.

xi.      Pursuant to Guideline § 2G2.2(b)(7)(D), five levels are added because the offense involved 600 or more child pornography images.

xii.      Accordingly, the offense level for Count Five is 38.

### Grouping Under Guideline § 3D1.2

xiii.      Pursuant to Guideline § 3D1.2(d), Group One and Group Two each are treated as a separate group because offenses under Guideline § 2G2.1 are specifically excluded from this subsection. There are therefore two groups.

### Determining Combined Offense Level

xiv.      The offense level for Group One is 44, and the offense level for Group Two is 38. Therefore, pursuant to Guideline § 3D1.4, there are two units.

xv. Pursuant to Guideline § 3D1.4(b), one level is added to the highest offense level, because the offense level for the group that includes Count Five is 5 to 8 levels less serious than the group that includes Count Three.

xvi. Therefore, the total adjusted offense level is 45.

**Acceptance of Responsibility**

xvii. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

xviii. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category**. With regard to determining

11

defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

      d.    **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 42, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 360 months to 600 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 15 years' imprisonment.

      e.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these

12

calculations.

11. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

12. Each party is free to recommend whatever sentence it deems appropriate.

13. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14. Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and "loss" are defined in that section. The amount of restitution shall be determined by

13

the Court at sentencing.

15.     Defendant also acknowledges that in addition to restitution due pursuant to Title 18, United States Code, Section 2259, he is liable for restitution pursuant to Title 18, United States Code, Section 3663A, in an amount determined by the Court at sentencing. Defendant also agrees to pay additional restitution, arising from the relevant conduct set forth above, in an amount to be determined by the Court at sentencing, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664.

16.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

17.     Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

18.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

19.     After sentence has been imposed on the counts to which defendant

14

pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

## Forfeiture

20. Defendant understands that by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has any property used or intended to be used, in any manner or part, to commit or facilitate commission of the offense and any property involved in the offense.

21. Defendant agrees to forfeiture of the following specific property to the United States: defendant's Sony Smartphone. In doing so, defendant admits that the property described above represents property which facilitated the offense and property involved in the offense, as alleged in the indictment. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

22. Defendant understands that forfeiture shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

23. Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried

15

out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

24.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 15 CR 299.

25.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

26.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.     **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public

16

and speedy trial.

        i.        The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii.        If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.        If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

        iv.        If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

17

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii.     With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b.     **Waiver of appellate rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly

18

waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, as well as any forfeiture and restitution order, in exchange for the concessions made by the United States in this Agreement. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

27.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Presentence Investigation Report/Post-Sentence Supervision

28.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

19

29. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

30. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

31. Defendant understands that pursuant to Title 18, United States Code,

20

Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

32.     Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

## **Other Terms**

33.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

34.     Defendant understands that, if convicted, a defendant who is not a

United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

35. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

36. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

37. Should the judge refuse to accept defendant's plea of guilty, this

22

Agreement shall become null and void and neither party will be bound to it.

38.    Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

39.    Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE:    3/20/18

JOHN R. LAUSCH, JR., by C. Hotaling
United States Attorney

MATTHEW BROWN
Defendant

JOHN D. MITCHELL
Assistant U.S. Attorney

JAMES M. RYAN & RICHARD BEUKE
Attorneys for Defendant